UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AVERY LLOYD FRANKS, | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. 22-CV-0328-CVE-JFJ ) |
| DEON CLAYTON, | ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Avery Lloyd Franks, appearing pro se,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, to challenge the judgment entered against him in Tulsa County District Court Case No. CF-2018-1292. Respondent moves to dismiss the petition, asserting that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief. Dkt. ## 8, 9. Having considered the petition (Dkt. # 5), the motion to dismiss (Dkt. # 8) and brief in support of the motion (Dkt. # 9), the response in opposition to the motion (Dkt. # 10), and applicable law, the Court grants respondent's motion and dismisses the petition.

**I.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

---

[1] Because Franks appears without counsel, the Court liberally construes his filings, but the Court does so without crafting arguments on his behalf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

    applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), so long as the application for postconviction relief or other collateral review is filed before the limitation period expires, Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in rare or exceptional circumstances, equitably toll the limitation period. Holland v. Florida, 560 U.S. 631, 645 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).[2] To obtain equitable tolling, the petitioner must identify specific facts showing (1) that the petitioner acted with reasonable diligence in pursuing the federal claims asserted in the habeas petition and (2) that extraordinary circumstances prevented the petitioner from filing a timely habeas petition. Holland, 560 U.S. at 649; Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

---

[2] Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Even applying the rule of liberal construction, the Court discerns no credible claim of actual innocence asserted either in the petition or the response to the motion to dismiss. Dkt. ## 3, 10.

## II.

Respondent contends that the petition should be dismissed because: (1) the petition is untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling; (2) Franks has not shown that any other provision of § 2244(d)(1) applies; and (3) Franks has not shown that the one-year limitation period should be tolled for equitable reasons. Dkt. # 9, at 3-8.[3] Franks appears to acknowledge that the petition is untimely but urges the Court to deem the petition timely through equitable tolling because there were intermittent prison lockdowns during the five months immediately preceding the expiration of his one-year limitation period and he had limited access to legal resources. Dkt. # 10, at 2-3, 5-6.

### A.

The parties seem to agree, and the Court finds, that the petition is not timely under § 2244(d)(1)(A). Under that provision, the one-year limitation period begins to run on the date that the challenged state-court judgment becomes final. For petitioners who seek direct review, the judgment becomes final when the last reviewing court issues a final decision affirming the judgment. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). For petitioners who do not seek direct review, the judgment becomes final when the time expires to seek direct review. Id. Franks filed a direct appeal, and the OCCA affirmed his judgment on May 21, 2020. Dkt. # 9-11. But Franks did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 5, at 3. As a result, his judgment became final on October 18, 2020, 150 days after the OCCA issued its decision. See Dkt. # 9, at 2 & n.2 (noting that time to file petition for writ of certiorari was extended to 150 days for a certain period during the Covid-19 pandemic). Under § 2244(d)(1)(A), Franks's one-year limitation period commenced the next day, October 19,

---

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

2020, and, absent any statutory tolling events, it expired on October 19, 2021.  See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of one-year limitation period).

As respondent acknowledges, however, Franks is entitled to one period of statutory tolling. Dkt. # 9, at 4.  On December 3, 2020, after 45 days of his one-year limitation period passed, Franks filed an application for postconviction relief in state district court.  Id. at 4 & n.3; Dkt. # 9-7.  That application was pending until July 22, 2021, when the OCCA affirmed the state district court's order denying postconviction relief.  Dkt. # 9-11; see Gibson, 232 F.3d at 804 (explaining when an application for postconviction relief is "pending" for purposes of statutory tolling).  Thus, the one-year limitation period was tolled for 231 days, leaving Franks 320 days from July 23, 2021, or until June 7, 2022, to file a timely habeas petition.

Franks did not file the instant petition before that deadline expired.  On July 22, 2022, he filed a handwritten letter suggesting he was seeking a writ of habeas corpus.  Dkt. # 1.  In that letter, Franks declared, under penalty of perjury, that he delivered the letter to prison officials on June 24, 2022.  Id. at 1; see Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (providing that inmate filings are deemed filed when delivered to prison officials via legal mail system).  In an order filed August 8, 2022, the Court found that the letter was a deficient pleading because Franks did not use a court-approved form in accordance with the court's local civil rules.  Dkt. # 3.  As directed by the Court, Franks filed a petition, using a court-approved form, on September 1, 2022.  Dkt. # 5.  Franks declared, under penalty of perjury, that he delivered the petition to prison officials on August 26, 2022.  Id. at 15.  Regardless of whether the Court deems the petition filed on June 24, 2022, when Franks delivered the letter to prison officials or on August 26, 2022, when Franks delivered the petition to prison officials, the petition is untimely

under § 2244(d)(1)(A) because Franks did not file either document before June 7, 2022. Unless Franks demonstrates that a different provision of § 2244(d)(1) applies or that equitable tolling is warranted, the petition shall be dismissed.

**B.**

Franks has not demonstrated that any other provision of § 2244(d)(1) applies or that this Court should deem the petition timely through equitable tolling. In the section of his petition that asks Franks to explain why the one-year statute of limitations does not bar relief, Franks alleges that the Department of Corrections "kept [inmates] on lockdown behind inmates at medium security yards stabbing and fighting all the time" and he "couldn't seek help from [the] legal aid" at his facility. Dkt. # 5, at 13. In response to the motion to dismiss, Franks further explains the sole reason for his untimely filing:

> The only reason I was late in filing my petition for Habeas Corpus because from Feb-2022 til June 2022 we (HMCC) stay on lockdown because of a gang war between Ariyan Brotherhoods (UAB) and the Bloods (Red Mob) the UABs attacked (stabbed) the Bloods at Four different penititarys at the same time Sept-2021 So every 3 or 4 days we had a state wide lockdown (all D.O.C. camps) each time 2 to 3 weeks no movement. the staff brought are food and canteen. for 4 ½ mths off and on. Just ask my Warden or the Director of (D.O.C.) in OK City Thats why I was late.

Dkt. # 10, at 5 (spelling, grammar, and capitalization in original).

Respondent construes Franks's allegations (1) as suggesting that his one-year limitation period began in June 2022, under § 2244(d)(1)(B), and (2) as seeking the benefit of equitable tolling. But respondent argues, and the Court agrees, that § 2244(d)(1)(B) does not apply and that Franks has not shown that his circumstances warrant equitable tolling.

**1.**

Under § 2244(d)(1)(B), the one-year limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or

laws of the United States is removed, if the applicant was prevented from filing by such State action." Even accepting as true that Franks was subject to intermittent prison lockdowns and had limited access to legal resources between February 2022 and June 2022, his allegations do not show that the lockdowns or the corresponding lack of access to legal aid resulted from any unconstitutional state action. Moreover, the OCCA affirmed the denial of Franks's application for postconviction relief in July 2021, and Franks does not explain how intermittent lockdowns that began seven months later prevented him from filing a federal habeas petition. See Garcia v. Hatch, 343 F. App'x 316, 319 (10th Cir. 2009)[4] (noting that § 2244(d)(1)(B) "applies only when a state-created 'impediment' 'prevented' an inmate from filing his application" and concluding that prisoner failed to identify any facts showing that limited access to legal resources rendered prisoner "incapable of filing a timely habeas petition"). Thus, § 2244(d)(1)(B) does not apply.

**2.**

As previously stated, equitable tolling is available when a petitioner identifies specific facts showing both that he pursued his federal claims with reasonable diligence and that "extraordinary circumstances" prevented him from filing a timely habeas petition. Holland, 560 U.S. at 649. And, as just discussed, the only facts Franks identifies are those alleging he was subjected to intermittent prison lockdowns between February and June 2022 and that he lacked access to legal aid for that same five-month period. But prison lockdowns and limited access to legal resources are ordinary, not extraordinary, circumstances for prisoners. See, e.g., Donald v. Pruitt, 853 F. App'x 230, 234 (10th Cir. 2021) (discussing equitable tolling in context of prison lockdowns implemented in response to Covid-19 pandemic that limited access to legal resources); Garcia, 343

---

[4] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority, as permitted by Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A).

F. App'x at 318 (noting that prisoners have no "abstract, freestanding right to a law library or legal assistance"). Further, even assuming Franks was subjected to an extraordinary 24-hour lockdown with no access to legal aid for the five-month period he describes, he has not identified any specific facts regarding his efforts, if any, to prepare and file a habeas petition in the seven-month period between July 2021, when the OCCA affirmed the denial of his application for postconviction relief, and February 2022, when the alleged five-month lockdown began. See id. at 234 (concluding equitable tolling was not available for prisoner "based on his allegedly limited access to the law library in the wake of COVID-19" because "the district court correctly concluded that [the prisoner] hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place"). Because Franks has not made the requisite showings, the Court rejects his request for equitable tolling.

### III.

Based on the foregoing, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to all claims asserted in the petition. The Court therefore grants respondent's motion to dismiss and dismisses Franks's petition for writ of habeas corpus. And, because the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss (Dkt. # 8) is **granted**; (2) Franks's petition for writ of habeas corpus (Dkt. # 5) is **dismissed** as barred by the applicable one-year statute of limitations; (3) a certificate of appealability is **denied**; and (4) a separate judgment shall be entered in this matter.

**DATED** this 31st day of July, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

7